ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* GORDON.

Opinion delivered December 13, 1909.

DAMAGES—EXCESSIVENESS.—Where there was evidence tending to prove that plaintiff's deceased in his lifetime was contributing $600 per annum to his father as his next of kin, and the father's expectancy of life was 13.47 years, a verdict for $5,000 was not excessive.

Appeal from Marion Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

*Kinsworthy & Rhoton, Horton & South, G. D. Henderson* and *James H. Stevenson,* for appellant.

*Crump, Mitchell & Trimble, Jones & Seawel* and *Hamlin & Seawel,* for appellee.

The amount awarded appellee is supported by substantial evidence, and is not excessive. The uncontradicted evidence shows that deceased contributed from $50 to $60 per month— $600 to $720 per annum. A finding by the jury, the judges of the weight and sufficiency of the testimony, on any disputed fact should not be disturbed. If he contributed $50 per month, a verdict for $5,124.60 would not have been excessive. 55 Ark. 384; 73 Ark. 377; 76 Ark. 326; 23 Ark. 131; 46 Ark. 141; 51 Ark. 467; 70 Ark. 512; 76 Ark. 478; *Id.* 233; 77 Ark. 1; 79 Ark. 179.

BATTLE, J. On the 8th day of December, 1907, O. L. King was in the employment of the St. Louis, Iron Mountain & Southern Railway Company, and was serving as fireman on one of its freight trains, and while serving in such capacity was killed. He had been working for that company in that capacity for about five or six months, and previous to this employment was a fireman on a railroad at Miami, Louisiana. He was an unmarried man at the time of his death. His mother was dead, and his father was living. W. F. Gordon administered upon his estate, and brought an action against St. Louis, Iron Mountain. & Southern Railway Company to recover the sum of $25,000 damages suffered by his father, James N. King, and his sister, Ethel King, his next of kin, on account of his death, and re-

covered $5,000 damages for the father. The only question in the case presented for our consideration is, are these damages excessive?

Is there any evidence to sustain the verdict? Three witnesses, Will King, the brother, J. M. King, the father and Ethel King, the sister of the deceased, testified that from the time he went to work in Louisiana as a fireman on a railroad train up to the time of his death he contributed from $50 to $60 per month to the support of his father.

The defendant attacked their testimony, and endeavored to show that the ·contributions of the deceased to his father's support were much less. But the value of their testimony was for the jury to determine.

The deceased was a young man and in the line of promotion, with prospect of increased wages. His father's expectancy of life was 13.47 years. At his father's age an annuity of $5,124.60, according to tables showing value of annuities, would yield at six per cent per annum $600 annually, the amount contributed to his support annually at $50 per month. He recovered $5,000. The damages were not excessive.

Judgment affirmed.